UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, an unincorporated association, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS, an unincorporated association,<br><br>    Plaintiff[sic],<br><br>v.<br><br>EVELYN SHAPIRO, an individual,<br><br>    Defendant. | Case No.: 2:22-cv-00245-TSZ<br><br>EVELYN SHAPIRO'S ANTI-SLAPP MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RCW 4.24.510, RCW 4.105.020, AND *NOERR-PENNINGTON* IMMUNITY |

## INTRODUCTION

Evelyn Shapiro moves on immunity grounds to dismiss plaintiffs' unverified Complaint and to recover penalties, attorney's fees, and costs.

## FACTUAL BACKGROUND

Attorney Dan Shanley filed an unverified Complaint to initiate this action that seeks to enjoin by prior restraint Evelyn Shapiro from speaking before she testifies and from contradicting

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY  - 1 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

him publicly in any setting.[1] Dan Shanley claims to be counsel for both plaintiffs: the United Brotherhood of Carpenters and the Pacific Northwest Regional Council of Carpenters.[2] Attorney Shanley claims all his communications with Shapiro are privileged.[3] Shapiro disagrees and points out that Shanley did not represent her or the Council in matters related to this litigation.[4] Shanley represented the UBC.

Shanley initiated this lawsuit and put at issue his communications with Shapiro over vote rigging, her leadership, and UBC motives for filing this frivolous lawsuit expressed by the threats Shanley directed towards her to coerce her cooperation with McCarron's plans to have UBC control over the Regional Council.[5] This lawsuit is a completely fabricated narrative of Shanley's making.[6] Evelyn Shapiro reported the corruption to the National Labor Relations Board.[7]

## ARGUMENT

Evelyn Shapiro requests an order dismissing this case on immunity grounds. Plaintiffs argue she has no immunity because they consider all of her communications with them privileged because Dan Shanley is an attorney. Ms. Shapiro has the right to immunity because the communications were not privileged, and even if privileged she has the absolute right to report to the National Labor Relations Board and other regulators with immunity regardless of any privilege.

## Washington's Anti-SLAPP Immunities

Washington SLAPP immunities apply to plaintiffs' Complaint because Washington law controls the scope and application of plaintiffs' claimed privilege. FRE 501 provides "in a civil

---

[1] Dkt. 1 (Complaint)
[2] Dkt. 15 (Shanley Dec.)
[3] *Id.*
[4] Dkt. 19 (Shapiro Dec.)
[5] Dkt. 14 at 5; and Dkts. 19 and 17 Shapiro and Sanchez Decs.
[6] Dkt. 17 (Sanchez Dec.)
[7] Dkt. 19 (Shapiro Dec.)

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY - 2 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

case, state law governs privilege regarding a defense for which state law supplies the rule of the decision." The comment provides: "federal law should not supersede that of the States in substantive areas such as privilege absent a compelling reason." The Court may properly dispense with this case relying upon state law limitations that protect individuals who communicate with government.

Anti-SLAPP immunities under state law apply in federal court. *Planned Parenthood Fed'n of Am., Inc. v. Ctr for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018); *Sarver v. Chartier*, 813 F.3d 891, 899-900 (9th Cir. 2016); *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F. 3d 963, 972-73 (9th Cir 1999); *CoreCivic Inc. v. Candide Grp. LLC*, No. C-20-03792-WHA, 2021 WL 1267259, at *5 (N.D. Cal. Apr. 6, 2021); and *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180, 1181-82 ((th Cir. 2013).

Washington has long-standing anti-SLAPP immunities for individuals like Evelyn Shapiro who have witnessed corruption of importance to government agencies like the National Labor Relations Board. RCW 4.24.510 was first adopted in 1989:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

The statute immunizes those who report to government. *Phoenix Trading Inc. v. Loops LLC*, 732 F.3d 936 (2013). There is no requirement that such communications were made in good faith. *Bailey v. State*, 147 Wn. App. 251, 261 (2008); *Segaline v. Dep't of Labor & Indus.*, 144 Wn.

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY - 3 of 10

App. 312, 325 (2008).   If in "bad faith" the Court may deny a penalty assessment, but not immunity.   The statute was enacted to encourage the reporting of potential wrongdoing to governmental entities by protecting the reporting parties from the threat of retaliatory lawsuits. *Aronson v. Dog Eat Dog Films, Inc*., 738 F.Supp. 2d 1104 (W.D. Wa. 2010).  Washington recently reenacted new anti-SLAPP immunities to affirm its commitment to protecting people like Shapiro who are well positioned to report corruption of public interest.   RCW 4.105.010 *et. seq*.[8] RCW 4.105.010 *et seq*. applies here because plaintiffs' claim for injunctive relief is grounded in privilege that derives from state law.   RCW 5.60.060, FRE 501.

*Noerr-Pennington Doctrine*

Federal law further supports dismissal on immunity under *Noerr-Pennington*.  *Noerr-Pennington* doctrine derives from the petition clause of the First Amendment and provides that those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct.  *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638 (9th Cir. 2009); *Sosa v. DIRECTTV, Inc.*, 437 F.3d 923 (2006).  The elements of such immunity are similar to those elements considered under state anti-SLAPP immunity.  The three elements of *Noerr-Pennington* 1) identification of whether the lawsuit imposes a burden on petitioning rights; 2) decide whether the alleged activities constitute petitioning activity, and 3) analyze whether the statutes at issue may be construed to preclude that burden on the protected petitioning activity.  *Id.* As is evidenced below there is no privilege justification to silence Evelyn Shapiro.

---

[8] *See* UPEPA Legislative History, 2021 Wash. S.B. No. 5009, Wash. 67th Leg., 2021 Reg. Sess. ("The Legislature has previously found [in connections with Washington's 2010 anti-SLAPP statute] that strategic lawsuits against public participation (SLAPP) are brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances; that SLAPP claims are typically dismissed as groundless or unconstitutional, but often not before the defendants are put to great expense, harassment, and interruption of their productive activities; and that the costs associated with defending such suits can deter individuals and entities from fully exercising their constitutional rights to petition the government and to speak out on public issues… [Comments in supports:]… This is an important protection from abusive defamation lawsuits, which have a chilling effect on reporting.").

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY  - 4 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

Shapiro carries the initial burden of showing by a preponderance of the evidence that the claim is based on an action involving public participation and petition. *Aronson v. Dog Eat Dog Films, Inc.*, 738 F.Supp. 2d at 1109. With that showing, the burden then shifts to the plaintiffs to establish by clear and convincing evidence a probability of prevailing on the claim. *Id.* Shapiro has met her burden of showing plaintiffs intend to silence her reporting to the National Labor Relations Board and Department of Labor and to others her communications with Shanley that were not privileged. Shapiro and Sanchez Decs. Shanley does not dispute that plaintiffs intend to silence her redress. Instead, Shanley argues everything he said to her was privileged and therefore not subject to anti-SLAPP or other immunities. Shanley Dec. and Dkt. 14 at 10-11. He is incorrect.

## No Attorney-Client Privilege

The party asserting attorney-client privilege carries the burden of proving the privilege applies and the exceptions do not. *Swan v. Miss Beau Monde, Inc.*, ECF Case No.: 3:21-cv-111-SI 2021 WL 4774962 (D. Or. 10/13/21). RCW 5.60.060(2)(a) is Washington's attorney-client privilege statute:

> (2)(a) An attorney or counselor shall not, without the consent of his or her client, be examined as to any communication made by the client to him or her, or his or her advice given thereon in the course of professional employment.

The burden of proving the existence of an attorney-client relationship rests squarely with the client claiming attorney-client privilege. *Ditetz v. Doe*, 131 Wn. 2d 835, 935 P.2d 611 (1997). Attorney-client privilege does not automatically shield any conversation with any attorney. *Newman v. Highland School District, No. 203*, 186 Wn.2d 769, 381 P.3d 1188 (2016). The privilege is not absolute and must be strictly limited to the purpose for which it exists. *Id.* Attorney-client privilege is never absolute; the privilege must be strictly limited to the purpose for which it exists. *Pappas v. Holloway*, 114 Wn. 2d 198, 787 P. 2d 30 (1990); *Gruss v. Swim*, 296 F.R.D. 224 (S.D. NY

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY  - 5 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

2013).  The mental impressions of attorneys are discoverable. *Id.*  Privileges are narrowly construed because they impede the full and fair discovery of the truth. The exercise of the privilege can result in the exclusion of evidence that is otherwise relevant and material and as a result when too broadly applied is contrary to the philosophy that justice can be achieved only with the fullest disclosure of the facts. *Pappas v. Holloway*, 114 Wn. 2d 198, 203, 787 P.2d 30 (1999).  Attorney client privilege is a narrow privilege that does not shield factual information. *Newman v. Highland School District No. 203*, 186 Wn. 2d 769, 381 P. 3d 1188 (2016).

Here Shanley attempts to cloak all of his communications with Shapiro as confidential attorney-client communications.  He claims he was counsel for both plaintiffs.  Shapiro expressly refutes his claims and affirms that the Regional Council retained separate counsel to advise Shapiro.  Shapiro Dec.  Importantly, the content Shanley wants treated confidentially, that is his direction that Shapiro let McCarron sign negotiated agreements, was not legal advice the Council was seeking from him. And, Shanley's communications were not secret or private.  Shapiro often conferred with her directors about the direction the UBC or McCarron gave her, but she did not consider it legal advice, she considered her communications with Shanley and McCarron to be communications in the ordinary course of business.  Shapiro and Sanchez Decs.  Shapiro's speech was not confidential and not privileged and is protected under the First Amendment and Washington's Anti-SLAPP immunity.

## Implied Waiver

Waiver occurs when an attorney communicates with a third person on the theory that such circumstances are inconsistent with the notion that the communications were ever intended to be confidential.  *Dietz v. Doe*, 131 Wn. 2d 835, 935 P.2d 611 (1997).  In other situations, waiver occurs when the mental impressions of an attorney are at issue, then traditionally privileged

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY  - 6 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

materials like attorney's notes may be disclosed. *Limstrom v. Ladenburg*, 136 Wn.2d 595, 963 P. 869 (1998). An implied waiver regarding legal advice is not limited to attorney legal malpractice actions. *Steel v. Philidelphia Indemnity Insurance Co.,* 195 Wn. App. 811, 381 P.3d 111 (2016). In Washington, an attorney impliedly waives the privilege when taking an affirmative act by filing a lawsuit that puts the information at issue and making it relevant to the case, and where denying the opposing party access to the information is vital to the opposing party's defense. *Id.* Federal law similarly recognizes the vulnerability of privileged information to disclosure where an attorney's advice is at issue. *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975). Fundamental fairness underlies the doctrine of implied waiver of privileged information. *Union County, IA v. Piper Jaffray & Co., Inc.,* 248 F.R.D. 217 (S.D. Iowa, Central Division 2008). In *Weil v. Investment/Indicators, Research and Management, Inc.,* 647 F.2d 18 (9th Cir. 1981), the Ninth Circuit found implied waiver of privileged information and emphasized that the party asserting the privilege must prove non-waiver to establish the privilege. Washington follows the same burden, placing it squarely on the party asserting the privilege to include showing waiver does not apply. *Sitterson v. Evergreen School District No. 114*, 147 Wn. App. 576, 196 P.3d 735 (2008).

In *Bellevue Farm Owners Association v. Stevens*, Division I found implied waiver of privileged attorney billing records from landowner's assertion that his claimed damages were the attorney's fees he incurred in a breach of contract case. *Bellevue Farm Owners Association v. Stevens*, 198 Wn. App. 464, 394 P.3d 1018 (2017). The Court found the billing records vital to proximate cause arguments. In *State v. Balkin*, Division I found waiver of the attorney client privilege when the defendant bargained for a deferred sentence based upon his acceptance in a treatment program operated by his consulting psychiatrist. *State v. Balkin,* 48 Wn. App. 1, 737 P.2d 1035 (1987). In *Chevron Corporation v. Pennzoil Company*, 974 F.2d 1156 (9th Cir. 2019),

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY  - 7 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

the Ninth Circuit found implied waiver of counsel's advice on a stock purchaser's tax position because such advice was the basis for the conduct at issue.

Plaintiffs may not hide behind the privilege in this lawsuit it initiated that put at issue Shanley's communications with Shapiro. Shanley is mistaken when arguing he may assert a privilege that he waived when accusing her of misconduct he actually directed others to undertake. Union Members' communications are protected under the Bill of Rights 29 U.S.C. 411 Sec. 101(a)(2) Freedom of Speech and Assembly.

### Crime Fraud Exception

Other exceptions that prohibit limitations on disclosure of confidential information include the crime-fraud exception. The crime-fraud exception governs communications in furtherance of criminal or fraudulent conduct regardless of whether or not the attorney was aware of any criminal intent. *In re Grand Jury Proceedings*, 87 F.3d 377 (9th Cir. 1996). The crime-fraud exception applies here where Shapiro was witness to communications from McCarron and Shanley who talked about fabricating allegations of financial misdeeds so that the Department of Labor would recognize UBC's plan to place the Regional Council in trusteeship. Shapiro Dec. False reporting on a trustee application carries criminal penalties under the Labor-Management Reporting Disclosure Act of 1959, 29 U.S.C. 439 Sec. 209(b); https://www.dol.gov/sites/dolgov/files/olms/regs/compliance/gpea_forms/instructions/lm-15_instructions.pdf   Shanley may not claim confidentiality shields his communications as it pertains to fabrications to justify trusteeship.

### CONCLUSION

For the reasons previously stated, the Court should dismiss plaintiffs' Complaint with prejudice and award penalties, fees, and costs to Evelyn Shapiro.

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY  - 8 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

DATED this 5th day of May, 2022.

III BRANCHES LAW, PLLC

_____
Joan K. Mell, WSBA #21319
Attorney for Evelyn Shapiro

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY - 9 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph

CERTIFICATE OF SERVICE

I, Bayley Briscoe, hereby certify as follows:

I am over the age of 18, a resident of Pierce County, and not a party to the above action. On May 5th, 2022, I electronically filed the above Evelyn Shapiro's Motion to Dismiss Plaintiffs' Complaint on SLAPP Immunity, with the Clerk of the Court using the Pacer CM/ECF e-filing system which will send notification of such filing to all counsel of record who receives CM/ECF notification.

I certify under penalty of perjury under the laws of the State of Washington that the above information is true and correct.

DATED this 5th day of May, 2022 at Fircrest, Washington.

*[signature]*
Bayley Briscoe, Legal Assistant

EVELYN SHAPIRO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT ON SLAPP IMMUNITY - 10 of 10

III BRANCHES LAW, PLLC
Joan K. Mell
1019 Regents Blvd. Ste. 204
Fircrest, WA 98466
253-566-2510 ph