THE HONORABLE JOHN H. CHUN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>                       Plaintiffs,<br><br>              v.<br><br>EVELYN SHAPIRO,<br><br>                       Defendant. | NO.: 2:22-cv-00245-JHC<br><br>DECLARATION OF<br>DANIEL M. SHANLEY |

I, Daniel M. Shanley, state and declare as follows:

1. I am an attorney at the law firm of SHANLEY, APC and an attorney of record for the United Brotherhood of Carpenters and Joiners of America ("UBC") and the Pacific Northwest Regional Council of Carpenters ("Council") in the above-captioned case.

2. I have personal knowledge of the contents of this declaration, and could, and would, competently testify thereto if called before the Court to do so.

3. I attended law school at Suffolk University Law School in Boston, Massachusetts and received my Juris Doctor degree.

4. I have been engaged in the practice of law for approximately 30 years.

5. I am a member in good standing of the Washington State Bar.

6. My Washington State Bar number is 41253.

7. I am currently employed as legal counsel for the UBC and the Council. I have served as legal counsel for the UBC since 1996 and I became General Counsel to the UBC as of approximately October 1, 2021. I also have served as legal counsel for the Council since approximately 2008. I took and passed the Washington State Bar exam and became a member of that Bar so that I could represent the Council. Over the years, I have provided legal counsel to the Council on a variety of matters, including from 2018 to 2021 when Defendant Evelyn Shapiro served as Executive Secretary-Treasurer ("EST") of the Council.

8. In 2021 and continuing through the present, my firm provided representation to the UBC and the Council in connection with a variety of issues including an investigation into corruption and mismanagement at the Council, including allegations of vote rigging in Council membership votes, and the administration of the Council's affairs, including labor and employment issues.

9. As part of my representation of the Council in 2021, in anticipation of potential legal action and for the purposes of providing legal advice to the Council, attorneys from my law firm, including myself, engaged in confidential communications with the Council, through Shapiro and others, about corruption and mismanagement at the Council and the administration of Council affairs, including labor and employment issues. Shapiro has never retained SHANLEY, APC (or my predecessor firm, DeCarlo & Shanley) to represent her personally with respect to the Council, and we never did represent Shapiro personally.

10. Neither the UBC nor the Council have waived any privileges as it relates to the matters described herein.

11. On October 25, 2021, I attended the Council's Executive Board Meeting. Exhibit A is a true and correct copy of the minutes for that meeting. At that meeting, the Executive Board unanimously passed a Resolution inviting the UBC's trusteeship and

DECLARATION OF DANIEL M. SHANLEY
2:22-cv-00245-JHC

2

Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

investigation. The Council hired an outside investigations firm, which assisted in investigating wrongdoing.

12. On March 2, 2022, the UBC and the Council filed the instant federal lawsuit against Shapiro, alleging that she violated the Labor Management Reporting and Disclosure Act ("LMRDA"), which was served on her on March 17, 2022. As part of that claim, the UBC and the Council allege that Shapiro breached her fiduciary obligations under the LMRDA by rigging various votes (Compl. ¶¶ 1-99) and disclosing information subject to the attorney-client privilege and/or work product doctrine to her former colleagues at the Council after she resigned her position as EST (*id.* ¶¶ 100-106). The UBC and the Council did not reference any other improper Shapiro communications in their Complaint, and not once did they mention the National Labor Relations Board ("NLRB") or any other governmental entity.[1]

13. In response to the Complaint, Shapiro filed her first motion to dismiss on April 7, 2022. It was in this motion that Shapiro disclosed, for the first time that I am aware, that she "ha[d] communicated statements from [me] and other UBC officials to the [NLRB] in case No. 19-CA-288121." On page 2 of her first motion, Shapiro included certain statements that she attributed to me. Shapiro did not contact counsel of record for the UBC or the Council to discuss whether they would assert privilege with respect to any information Shapiro wished to disclose.

14. With respect to the communications Shapiro referenced in that motion, in the latter part of 2021, I engaged in confidential communications with the Council, through Shapiro, for purposes of providing legal advice to the Council regarding certain bargaining agreements to which Shapiro referred on page 2, lines 23-25 in her first motion. I also engaged in confidential communications with the Council, through Shapiro, for purposes of providing legal advice to the Council regarding the Council as employer, including in connection with an election certification by the NLRB which Shapiro falsely characterizes on page 2, lines 18-22, of her first motion. This advice concerned legal interpretations of the Council's Bylaws and the UBC's Constitution,

---

[1] In signing the Complaint as counsel for the UBC and the Council, I complied with my obligations under the Federal Rules of Civil Procedure, including Rule 11(a)-(b).

DECLARATION OF DANIEL M. SHANLEY
2:22-cv-00245-JHC                    3

Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

and legal interpretations of duties and obligations under these agreements, certain collective bargaining agreements, federal common law, the LMRDA and the National Labor Relations Act.

15. In response to her first motion, my co-counsel, R. Kennon Poteat III of Williams & Connolly LLP, sent a letter to Shapiro's counsel, Joan Mell, on April 11, 2022. In that letter, he informed Mell that Shapiro, in her role as EST of the Council, regularly received information and communications that were privileged and confidential, including attorney-client communications with me. He further explained that the Council is the holder of that privilege, and that it has not waived privilege over any matters at issue. He also explained that Shapiro cannot waive the Council's privilege and that the lawyers at issue were lawyers for the Council, not Shapiro personally. He further reminded Mell that Shapiro is obligated to maintain the privilege. He, however, explained that Shapiro breached that obligation when she disclosed certain privileged communications in her first motion to dismiss. He was transparent in informing Mell that any improper disclosure of privileged information may expose Shapiro to liability to the Council under the LMRDA. Exhibit B is a true and correct copy of Poteat's April 11, 2022 letter.

16. Mell responded on April 12, 2022, in a letter which she labeled a "NOTICE OF SPECIAL MOTION FOR EXPEDITED RELIEF, RCW 4.105.020 AND RCW 4.24.510." In this letter, Mell stated that the UBC and the Council were trying to "shroud everything [I] ever said in front of or to Shapiro" as subject to the attorney-client privilege, and threatened to file another motion to dismiss under Washington's anti-SLAPP provisions. Exhibit C is a true and correct copy of Mell's April 12, 2022 letter.

17. Poteat responded for the UBC and the Council by letter on April 19, 2022. In that letter, he explained that Shapiro's threatened anti-SLAPP motion would be defective on numerous grounds, both procedural and substantive, and set forth those positions in detail. He also stated that Mell's claims in her April 12 letter "radically mischaracterize[d] Plaintiffs' claim for injunctive relief" as to the improper disclosure of privileged information and that the UBC and the Council were not seeking some gag order that would prohibit Shapiro communicating about non-privileged information. He explained they simply, in a narrow and targeted fashion,

DECLARATION OF DANIEL M. SHANLEY
2:22-cv-00245-JHC

4

Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

are seeking that Shapiro be prohibited from disclosing the Council's privileged information. He further explained that Shapiro's assertion that the UBC and the Council wanted to prohibit her from testifying before the NLRB was "wholly incorrect" and that she was free to testify before the NLRB or any other governmental entity about any non-privileged matters. Exhibit D is a true and correct copy of Poteat's April 19, 2022 letter.

18. On April 25, 2022, the UBC and the Council filed their opposition to Shapiro's first motion to dismiss, which included a motion to strike the allegations on page 2, lines 23-25, of her first motion to dismiss, because those conversations are privileged and protected and Shapiro's characterizations of them (while false) should never have been disclosed by her.

19. On April 26, 2022, more than a month *after* the UBC and the Council filed this action, Shapiro filed an unfair labor practice charge against them with the NLRB, which was provided to the UBC and the Council on April 27. Shapiro did so only *after* the UBC and the Council filed this action against her. Exhibit E is a true and correct copy of the NLRB's April 27, 2022 notice to the UBC and the Council. Shapiro's counsel in the NLRB proceeding is Mell, the same counsel who represents her in this action.

20. On May 5, 2022, Shapiro filed her *second* motion to dismiss, which included declarations from herself and Juan Sanchez. Shapiro notably mentions in multiple paragraphs that I served as counsel to the Council in numerous matters over the years when Shapiro served as EST. *See* Shapiro Decl. ¶¶ 1.7, 1.10, 1.11. Notwithstanding, however, our correspondence of April 19, 2022, Shapiro improperly states in her second motion that the UBC and the Council claim "all [my] communications with Shapiro are privileged" and that the UBC and the Council initiated this action to prevent Shapiro from testifying before the NLRB. Neither statement is true. First, the UBC and the Council do not contend that all of my communications to or in front of Shapiro are privileged. They simply claim that certain communications are, and Shapiro should be prohibited from disclosing them. Second, the Complaint does not reference any statements that Shapiro made to any government entity about the matters at hand. Shapiro raised the fact that she spoke to the NLRB after the UBC and the Council filed this action. Shapiro also filed her unfair labor practice charge weeks after the UBC and the Council filed this action.

21. Shapiro claims that I did not represent the Council "in matters related to this litigation," but that is not true. I have long represented the Council and was frequently consulted about a variety of legal matters since approximately 2008. That is true as well for matters in the second half of 2021 related to this litigation, including in connection with the investigation into corruption and mismanagement at the Council, including allegations of vote rigging.

22. Furthermore, after Shapiro resigned her position with the Council and membership with the UBC, I learned that Shapiro was improperly disclosing the Council's privileged information to her former staff. I am willing to provide the Court with specific information about what the UBC and the Council learned Shapiro was improperly disclosing at the appropriate time in this litigation, with appropriate safeguards in place to avoid any potential argument of waiver of any privilege.

23. Shapiro also claims in her second motion that she "was witness to communications from McCarron and Shanley who talked about fabricating allegations of financial misdeeds so that the Department of Labor would recognize UBC's plan to place the Regional Council in trusteeship." That is not true either. There was never any such talk. The Trusteeship was invited by the Council's Executive Committee and concerned no involvement by the DOL because the vote rigging concerned a contract ratification vote, not an internal union election of officers. (The DOL has jurisdiction over internal union elections for officers, not for contract ratifications. *See* Title IV of the LMRDA, 29 U.S.C. § 481, *et seq.*).

I declare under penalty of perjury that the above statements are true and correct.

Executed this 23rd day of May, 2022, in Los Angeles, California.

/s/ Daniel M. Shanley

DECLARATION OF DANIEL M. SHANLEY
2:22-cv-00245-JHC
6

Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000