UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>Plaintiffs,<br><br>v.<br><br>EVELYN SHAPIRO,<br><br>Defendant. | CASE NO. 2:22-cv-00245-JHC<br><br>ORDER |

## I.

### INTRODUCTION

This matter comes before the Court on Defendant Evelyn Shapiro's Motion to Dismiss Plaintiffs' Complaint ("First Motion") and Anti-SLAPP Motion to Dismiss Pursuant to RCW 4.24.510, RCW 4.105.020, and *Noerr-Pennington* Immunity. Dkt. # 9; Dkt. # 18. The Court has considered the materials filed in support of, and in opposition to, the motions, and the file herein. Being fully advised, the Court DENIES both motions.

ORDER - 1

## II.

### BACKGROUND

Plaintiffs United Brotherhood of Carpenters and Joiners of America and Pacific Northwest Regional Council of Carpenters ("the Council") filed this case alleging Defendant, a former Council executive, improperly interfered in the Council's union elections in violation of Section 501(a) of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA").

## III.

### ANALYSIS

A.   First Motion

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion under the rule, the Court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turnery Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

First, Defendant says that Plaintiffs' complaint should be dismissed under *Iqbal* because it contains merely "generalized allegations of wrongdoing." Dkt. # 9, at 6. But Plaintiffs' complaint contains detailed allegations of union election interference committed by Defendant

ORDER - 2

between 2019 and 2021.  *See* Compl., Dkt. # 1, at 5–12.  The complaint identifies evidence of Defendant's election interference from witnesses and a computer forensic audit, among other sources.  *Id.*  Cumulatively, such allegations reasonably support an inference of a violation of Section 501(a) of LMRDA, a statute imposing fiduciary duties onto union officials such as Defendant. 29 U.S.C. § 501(a).

Second, Defendant contends that Plaintiffs' complaint is procedurally defective under Section 501(b) of LMRDA.  But Section 501(b) procedures apply to suits brought by union members against officials "for the benefit of the labor organization."  29 U.S.C. § 501(b).  They do not apply when unions, such as Plaintiffs, directly file an action against an official for breach of the official's duties under Section 501(a).  *Id.*

Third, Defendant says that an election interference claim falls outside the scope of Section 501(a)'s fiduciary duties because the statute imposes obligations only to manage union funds fairly and refrain from self-dealing.  But the Ninth Circuit adopts a broad interpretation of Section 501(a), recognizing that it "appl[ies] to fiduciary responsibilities of union officials . . . in any area of their authority," not only financial responsibilities, while acknowledging that "judicial interference should be undertaken only with great reluctance."  *Stelling v. Int'l Bhd. of Elec. Workers Loc. Union No. 1547*, 587 F.2d 1379, 1387 (9th Cir. 1978).  *Stelling* holds that a voting interference claim against a union official is cognizable under Section 501(a).  *Id.*  ("The allegation that [union officials] have denied the membership of the union the constitutionally guaranteed right to vote is a sufficient assertion of a breach of trust on the part of the [union officials] to invoke the jurisdiction of § 501.").

Fourth, Defendant says that Plaintiffs' request for injunctive relief must be stricken under the First Amendment because it functions as a "gag order" and an "unlawful restraint on [Defendant's] protected speech." Dkt. # 9, at 12–13.  The Ninth Circuit considers requests for

ORDER - 3

injunctive relief under Section 501(a) of LMRDA.  See, e.g., *Servs. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 718 F.3d 1036, 1050–51 (9th Cir. 2013); *Lodge 1380, Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emps. (BRAC) v. Dennis*, 625 F.2d 819, 822 (9th Cir. 1980).  When considering injunctions restricting speech, courts must seek "to ensure that the injunction [is] no broader than necessary to achieve its goals." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994).  But disclosure of privileged or confidential information is not protected activity under the First Amendment.  See *Weise v. Colorado Springs, Colorado*, 421 F. Supp. 3d 1019, 1044 (D. Colo. 2019); *Am. Motors Corp. v. Huffstutler*, 61 Ohio St. 3d 343, 347 (1991) ("Disclosure of confidential information does not qualify for protection against prior restraint under the First Amendment.") (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)).  Plaintiffs seek an order "prohibiting [Defendant's] disclosure of all privileged conversations." Compl., Dkt. # 1, at 17.  Rather than seek a "gag order" to silence Defendant, according to the complaint, Plaintiffs wish to prevent only disclosure of the Council's privileged information.

Fifth, Defendant contends that dismissal is proper because Plaintiffs' initial lead counsel, Daniel Shanley, may not testify at trial.   While not grounds for dismissal, this argument is moot because Plaintiffs have retained new lead counsel.

B.    Second Motion

Federal Rule of Civil Procedure 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

Because Defendant's Second Motion includes defenses that were apparently available to Defendant at the time of the First Motion's filing, the Court will not reach the merits of such defenses.

C.     Attorney Fees

Both parties seek attorney fees and costs in connection with the Second Motion.  Because the Court is denying that motion, Defendant's request fails.  And because the Court is denying the motion based on Rule 12(g)(2), it does not award such legal expenses to Plaintiffs.

## IV.

### CONCLUSION

In sum, the Court DENIES both motions and the parties' requests for attorney fees and costs.[1]  The denial of the Second Motion is without prejudice as to any motion Defendant may wish to bring under Federal Rule of Civil Procedure 56.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of August, 2022.

_John H. Chun_
John H. Chun
United States District Judge

---

[1]     In opposition to the First Motion, Plaintiffs move to strike part of a sentence of Defendant's motion as containing privileged information. Dkt. # 9, at 2. The Court did not rely on this portion of Defendant's briefing.  The Court denies Plaintiffs' motion to strike without prejudice.  Should Plaintiffs, notwithstanding the result here, wish to pursue their privilege claim, they may do so in a separate motion and an evidentiary hearing may be necessary.