UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>Plaintiff,<br><br>v.<br><br>EVELYN SHAPIRO, an individual<br><br>Defendant. | CASE NO. 2:22-cv-00245-JHC<br><br>ORDER RE: MOTION TO DISMISS |

# I

## INTRODUCTION

This matter comes before the Court on Defendant "Evelyn Shapiro's Expedited Motion to Dismiss Plaintiffs' Complaint with Prejudice for Lack of Jurisdiction Based Upon the Court's Order in the Related *Sanchez* Case." Dkt. # 62. Under Federal Rules of Civil Procedure 12(c) and 12(h)(3), Defendant moves to dismiss in response to the Court's dismissal of a related case: *United Bhd. of Carpenters and Joiners of Am. v. Sanchez*, 2023 WL 2161697 (W.D. Wash. Feb. 22, 2023).

Plaintiffs United Brotherhood of Carpenters and Joiners of America (UBC) and Pacific Northwest Regional Council of Carpenters (the Council) bring a single claim against Defendant

ORDER RE: MOTION TO DISMISS - 1

for breach of fiduciary duty under section 501(a) of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 501(a).  Dkt. # 1.  UBC and the Council are each a "labor organization" under 29 U.S.C. § 402(i), and UBC is the Council's parent organization. *Id.* at 2–4.  Defendant is a former Council officer.  *Id.* at 4.  The Court has considered the parties' briefing, the balance of the case file, and the applicable law.  Being fully advised, the Court GRANTS Defendant's motion to dismiss and DISMISSES Plaintiffs' complaint with prejudice because Plaintiffs lack a viable right of action under section 501 of the LMRDA.

## II
### DISCUSSION

A.  Legal Standard

In considering a motion for judgment on the pleadings brought under Federal Rule of Civil Procedure 12(c), the Court may dismiss a complaint when "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978–79 (9th Cir. 1999); *see also Jaeger v. Howmedica Osteonics Corp.*, No. 15-CV-00164-HSG, 2016 WL 520985, at *6 (N.D. Cal. Feb. 10, 2016) ("Motions for judgment on the pleadings are reviewed under an identical legal standard as motions to dismiss for failure to state a claim upon which relief can be granted."). *See* Fed. R. Civ. P. 12(c).  In considering a motion to dismiss, the Court construes the complaint in the light most favorable to the nonmoving party.  *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

B.  Right of Action Under Section 501 of LMRDA

Defendant contends that the complaint should be dismissed because Plaintiffs do not have a right of action under section 501 of the LMRDA.  Dkt. # 62 at 2.  The Court agrees.

Section 501(a) specifies the duties union officers owe to their labor organization:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group.  It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or on behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

29 U.S.C. § 501(a).  Section 501(b) provides union *members* a right of action for a union officer's breach of section 501(a)'s duties:

> When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation.

29 U.S.C. § 501(b).  But section 501 does not expressly provide *unions* a right of action under the LMRDA.  29 U.S.C. § 501.

Federal courts are divided as to whether unions have an *implied* right of action under section 501.  *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 375 n.16 (1990) ("Courts have reached inconsistent positions on the question whether a union may bring suit under § 501."). *Compare Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO v. Ward*, 563 F.3d 276, 283–89 (7th Cir. 2009*)* (holding that unions can bring section 501 suits); *Int'l Union of*

ORDER RE: MOTION TO DISMISS - 3

*Elec., Elec., Salaried, Mach. & Furniture Workers v. Statham*, 97 F.3d 1416, 1420 (11th Cir. 1996) (same); *Int'l Union, Sec., Police and Fire Pros. of Am. v. Faye*, 828 F.3d 969, 973–75 (D.C. Cir. 2016) (same); *Teamsters, Chauffeurs, Warehousemen & Helpers, Loc. 764 v. Greenawalt*, 880 F. Supp. 1076, 1079 (M.D. Pa. 1995) (same); *Hawaii Reg'l Council of Carpenters v. Yoshimura*, 237 F. Supp. 3d 1029, 1035 (D. Haw. 2017) (same); *Serv. Emps. Int'l Union v. Roselli*, No. C 09-00404 WHA, 2009 WL 1382259, at *2 (N.D. Cal. May 14, 2009) (same); *Carpenters Loc. Union 721 v. Limon*, No. CV188470DSFMRWX, 2020 WL 3124222, at *9 (C.D. Cal. Apr. 23, 2020) (same); *with Commc'ns Workers of Am., Loc. 9423 v. Alvarado*, No. 22-CV-00365-VKD, 2022 WL 4359224, *6 (N.D. Cal Sept. 20, 2022) (holding that unions cannot bring section 501 suits); *Loc. 624, Int'l Union of Operating Eng'rs v. Byrd*, 659 F. Supp. 274, 276 (S.D. Miss. 1986) (same); *Safe Workers' Organization, Chapter No. 2 v. Ballinger*, 389 F. Supp. 903, 907 (S.D. Ohio 1974) (same); *Graphic Arts Int'l Union v. Graphic Arts Int'l Union, Loc. 529*, 529 F. Supp. 587, 594 (W.D. Mo. 1982) (same).  Upon reviewing these legal authorities, the Court concludes that section 501 does not provide unions a right of action.

First, Ninth Circuit case law requires the Court to narrowly construe the statute.  In *Phillips v. Osborne*, the Ninth Circuit held that a union member plaintiff did not have a right of action under section 501(b) because he left the union to work at a rival union.  403 F.2d 826, 832 (9th Cir. 1968).  The *Phillips* court cautioned that "statutes extending federal jurisdiction, such as section 501(b), are narrowly construed so as not to reach beyond the limits intended by Congress."  *Id.* at 828.  The court also considered legislative committee records showing Congress intended section 501 to be narrowly construed:

> The committee recognized the desirability of minimum interference by Government in the internal affairs of any private organization.  Trade unions have made a commendable effort to correct internal abuses; hence the committee believes that only essential standards should be imposed by legislation.  Moreover, in establishing and enforcing statutory standards great care should be taken not to

> undermine union self-government or weaken unions in their role as collective-bargaining agents.
>
> It has been recognized that the broad language of Section 501(a), imposing fiduciary duties upon union officers, potentially invites undue government interference. Hence, when dealing with this section, the courts have been especially careful to *confine their role to areas which are clearly within the intended reach of the Act*.

*Id.* at 830–31 (emphasis added). The Ninth Circuit reaffirmed *Phillips* in *Bldg. Material and Dump Truck Drivers, Loc. 420 v. Traweek*, 867 F.2d 500, 506 (9th Cir. 1989). *See also Alvarado*, 2022 WL 4359224, at *6 ("[*Traweek*] also reaffirmed its earlier reading in *Phillips* of the purpose of the statute and the narrowly-construed scope of federal jurisdiction the statute confers."). Divining an implied right of action here would deviate from a narrow reading of section 501.[1] Congress imposed requirements for union members to bring an action but did not mention a union right of action. *Traweek*, 867 F.2d at 506 (holding that section 501's pre-suit requirement "offers proof that Congress intended this remedy be available solely to individual union members"). *See also Phillips*, 403 F.2d at 829–30 (holding that the legislative committee sought to narrowly construe section 501 as to not "undermine union self-government or weaken unions in their role as collective-bargaining agents."). Extending federal jurisdiction is limited to

---

[1] The parties do not address the Supreme Court's guidance for implied rights of action. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). But if Congress does not explicitly provide a right of action within a statute's text, courts must decide whether Congress implied one. *See Lil' Man in the Boat, Inc. v. City & Cnty. of San Francisco*, 5 F.4th 952, 958 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 900 (2022). The Supreme Court at first identified four factors for determining whether a statute contains an implied right of action: "(1) whether the plaintiff is 'one of the class for whose especial benefit the statute was enacted'; (2) whether there is 'any indication of legislative intent, explicit or implicit, either to create [a private right of action] or to deny one'; (3) whether an implied private cause of action for the plaintiff is 'consistent with the underlying purposes of the legislative scheme'; and (4) whether the cause of action is 'one traditionally relegated to state law.'" *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1170 (9th Cir. 2013) (quoting *Cort v. Ash*, 422 U.S. 66, 78 (1975)). "Since announcing this test, 'the Supreme Court has elevated intent into a supreme factor,' and *Cort*'s other three factors are used to decipher congressional intent." *Lil' Man in the Boat*, 5 F.4th at 958 (quoting *Logan*, 722 F.3d at 1171).

ORDER RE: MOTION TO DISMISS - 5

"areas which are clearly within the intended reach of the Act." *Id.* at 831.  And Plaintiffs' action is not expressly contemplated by section 501 of the LMRDA.

Second, the Court does not interpret the terms of section 501(b) to imply a right of action under section 501(a).  Section 501(b) allows union members to bring an action if "the labor organization or its governing board or officers *refuse or fail to sue* or recover damages or secure an accounting or other appropriate relief."  29 U.S.C. § 501(b) (emphasis added).  Two district courts in the Ninth Circuit have held that this language implies that the union itself may bring a section 501 action in federal district court.  *Roselli*, 2009 WL 1382259, at *2; *Limon*, 2020 WL 3124222, at *9.  But the language does not concern a union's refusal or failure to bring a claim under section 501; instead, it allows union members to bring an action after the union's refusal to bring a claim generally, such as a state law claim, an avenue that has long been available to unions.  *See, e.g.*, *Int'l Bhd. of Pulp, Sulphite & Paper Mill Workers, AFL-CIO v. Delaney*, 73 Wash. 2d 956, 442 P.2d 250 (1968) (international union suit against local union officers to obtain funds and property of local union); *Loc. Union 112, Int'l Bhd. of Elec. Workers, AFL-CIO v. Bray*, 112 Wash. 2d 253, 770 P.2d 634 (1989) (union suit against union members to recover fines for violating union rules).  This interpretation conforms with *Traweek*'s holding that a union cannot bring a section 501 suit, but a "union may sue its former officers either in state court or under other federal statutory authority." 867 F.2d at 506.  *See Phillips*, 403 F.2d at 828 (holding that a narrow "construction [of section 501(b), a statute extending federal jurisdiction] is especially appropriate when, as here, the statute generally concerns rights subject to full and satisfactory vindication in state courts); *see also Teamsters, Local 20 v. Leu*, 94 L.R.R.M. 2510 (N.D. Ohio 1976) ("The statutory language confers upon the union as a unit no right to sue its officers.  Unions are left to the state law jurisdiction they have always had.").

ORDER RE: MOTION TO DISMISS - 6

C.	Leave to Amend

The Court should grant leave to amend "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile."). Amendment of Plaintiffs' complaint would be futile because even if Plaintiffs allege other facts, Plaintiffs cannot bring a claim under section 501 of the LMRDA.

### III
#### Conclusion

Based on the above, the Court GRANTS the motion to dismiss. Dkt. # 62. Plaintiffs' complaint is DISMISSED with prejudice. Accordingly, the Court STRIKES Defendant's motion for summary judgment as moot. Dkt. # 55.

Dated this 24th day of February, 2023.

John H. Chun
United States District Judge